UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-61184-CIV  COOKE/BANDSTRA

JEAN-PIERRE DUKENEL,

    Plaintiff

vs.

KINDRED HOSPITALS EAST, LLC, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

THIS CASE is before me on the Plaintiff's Motion to Remand to State Court [D.E. 8]. I have reviewed the record, the Parties' arguments, and the relevant legal authorities. For the reasons explained in this order, the Plaintiff's Motion to Remand is granted, and this matter is remanded back to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

### I. BACKGROUND

The case, initially filed in state court, was removed to this Court by the Defendant based on this Court's diversity jurisdiction. (*See* Notice of Removal ¶ 2 [D.E. 1]). On August 21, 2009, the Plaintiff filed his First Amended Complaint [D.E. 7], after being granted leave by the Court. In this amended complaint the Plaintiff named Jerry Wright as a Defendant. (Am. Compl. ¶ 4 [D.E. 7]). Jerry Wright is employed by Defendant Kindred Hospitals East, LLC, and is a Florida resident. (Def.'s Resp. to Pl.'s Mot. to Remand, Ex. 3 (S. of Jerry Wight ¶¶ 3-4 [D.E. 12-1])).

### II. LEGAL STANDARDS

"Diversity jurisdiction exists where the suit is between citizens of different states and the

amount in controversy exceeds the statutorily prescribed amount." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).  "[T]he burden of proving jurisdiction lies with the removing defendant." *Id.*  "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).  "[R]emoval statutes are construed narrowly." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. DISCUSSION

Defendant Kindred Hospitals does not dispute that Jerry Wright is a resident of Florida and thus that his inclusion in this lawsuit destroys diversity jurisdiction.  (Def.'s Resp. to Pl.'s Mot. to Remand, ¶ 8 [D.E. 12]).  Instead, Kindred Hospitals argues that the Plaintiff fraudulently joined Jerry Wright in order to defeat diversity since, as a matter of law, the Plaintiff cannot prove the claims asserted against Mr. Wright.  (*Id.* at 3-8).  Kindred Hospitals argues, under Florida law, an at will employee cannot sustain a claim for tortious interference with his or her at will employer.  Additionally, Kindred Hospitals reasons that Mr. Wright, could not tortuously interfere in the business relationship between the Plaintiff and Kindred Hospitals because, as an employee of Kindred, he is not a third-party to employment relationship.[1]

The general rule in Florida is that a plaintiff does not have a cause of action for tortious interference where a party interferes with an at will contract. *Ferris v. S. Fla. Stadium Corp.*, 926 So. 2d 399, 401-02 (Fla. Dist. Ct. App. 2006).  As an exception to this rule, "where

---

[1] Kindred Hospitals also argues that Jerry Wright did not have anything to do with the allegations raised in the amended complaint.  Whether Mr. Wright did or did not wrong the Plaintiff is what this lawsuit will determine – these types of uncertainties must be resolved in favor of remand. *See Burns*, 31 F.3d at 1095.

interference with an at will relationship is direct and unjustified . . . such interference *is actionable*." *Id.* at 402 (emphasis added). Florida Courts recognize a "privilege to interfere," which is enjoyed by an officer or employee of a contracting party. *See, e.g., Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 386 (Fla. Dist. Ct. App. 1999). This privilege is not absolute; it is "destroyed where an employee acts solely with ulterior purposes, without an honest belief that his actions would benefit the employer, and the employee's conduct concerning the contract or business relationship is not in the employer's best interest." *Id.*

In this case, the Plaintiff's claims against Jerry Wright may be sustainable. If the Plaintiff can show that, while acting solely with ulterior purposes, without an honest belief that his actions would benefit Kindred Hospitals, Mr. Wright directly and unjustifiable interfered with the Plaintiff's employment relationship with Kindred Hospitals, then the Plaintiff could prevail against Jerry Wright. Since I find that, as a matter of law, the Plaintiff could prove the claims asserted against Jerry Wright, the Defendants theory that the Plaintiff fraudulently joined Jerry Wright in order to defeat diversity is not compelling.

### IV. CONCLUSION

It is undisputed that the parties are not diverse. As explained in this order, the Plaintiff appears to have a viable claim against Jerry Wright, and thus it cannot be said that the Plaintiff fraudulently joined Jerry Wright in order to defeat diversity. It is therefore, **ORDERED and ADJUDGED** that:

1. The Plaintiff's Motion to Remand to State Court [D.E. 8] is **GRANTED**.

2. This matter is **REMANDED** back to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3.  All pending motions are **DENIED** as moot. The Clerk shall **CLOSE** this matter, and take all necessary steps to ensure the prompt remand of this matter and transfer this file back to the Circuit Court for the Eleventh Judicial Circuit of Florida.

**DONE and ORDERED** in chambers, at Miami, Florida, this 6th day of May 2010.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*